## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JERRY DONALD BILLINGSLEY, 303088, : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION 2:22-0345-KD-MU |
| MARION MILITARY INSTITUTE, *et al.,* : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Plaintiff Jerry Donald Billingsley, an Alabama prison inmate proceeding *pro se*, filed a § 1983 complaint along with a Motion to Proceed Without Prepayment of Fees. (Docs. 9, 10). This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) and is now before the undersigned for Plaintiff's failure to pay the partial filing fee.

On December 15, 2022, after reviewing Plaintiff's Motion to Proceed Without Prepayment of Fees, the undersigned ordered Plaintiff to pay a partial filing fee of $3.21 by January 10, 2023. (Doc. 13 at 2, PageID.28). Plaintiff was warned that failure to comply with the Court's order within the required time would result in the entry of a recommendation to dismiss this action for failure to prosecute and to comply with the Court's order. (*Id.*). The Court's order was sent to Plaintiff at Easterling Correctional Facility, which is the address that he gave to the Court (Doc. 1 at 5, PageID.5), and which is where, according to the Alabama Department of Corrections' website, he is currently incarcerated. To date, Plaintiff has not paid the partial filing fee, nor have postal officials returned Plaintiff's copy of the Court's order.

Courts are vested with the inherent authority "to manage their own affairs so as

to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). For that reason, a court possesses the inherent power to dismiss an action *sua sponte* for lack of prosecution. *Id.* at 631. Rule 41(b) of the Federal Rules of Civil Procedure also authorizes a court "to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.,* 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1374, 1374 (11th Cir. 1999) (internal quotation marks omitted)).[1] *Accord Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing these two sources of the court's authority to dismiss an action *sua sponte*). Furthermore, a prisoner's failure to pay the partial filing fee under § 1915 is recognized as a basis for dismissal. *Wilson v. Sargent*, 313 F.3d 1315, 1321-22 & n.7 (11th Cir. 2002).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the partial filing fee, the Court recommends that this action be dismissed without prejudice. If Plaintiff contests the finding that the partial filing fee has not been paid, and he wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation his reasons for lack of payment. *Wilson*, 414 F.3d at 1320 (an objection to a recommendation is a means to determine the cause for the lack of payment of the partial filing fee); *see also Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when the inmate did not respond to the court's order and did not pay the partial filing fee after he was warned

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

that failure to comply with the court's order would result in his action's dismissal for failure to prosecute).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 10th day of February, 2023.

                                        */s/* **P. BRADLEY MURRAY**
                                        **UNITED STATES MAGISTRATE JUDGE**